FILED DEC 5'25 PM 4:16
MDGA-VAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**FRANCES HOOD,**
**Plaintiff,**

and

**MATTHEW A. WILLIAMS,**
**Plaintiff,**

v.

**TOWN OF OCHLOCKNEE, GEORGIA;**
**RONELLE SEARCY,** in his individual and official capacities as Mayor;
**ASHLEY LOVE,** in her individual and official capacities as Town Clerk;
**PATRICIA FAYE HEMBY,** in her official capacity as Councilmember;
**ROBERT TUCKER,** in his official capacity as Councilmember;
**TAMMY TURNER,** in her official capacity as Councilmember;
**RANDY WOOD,** in his official capacity as Councilmember,

**Defendants.**

**Civil Action No.:** _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983

### Introduction

1. Plaintiffs bring this action under 42 U.S.C. § 1983 seeking temporary, preliminary, and permanent injunctive relief against the Town of Ochlocknee and its officials for terminating Plaintiff Hood's municipal water service without the notice and pre-termination hearing required by the Fourteenth Amendment.

2. Plaintiff Hood's water service was disconnected in October 2025 and again on November 18, 2025 without written notice, explanation of arrearage, or opportunity to contest the termination. These actions violate the requirements established in Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1 (1978).

3. Plaintiff Hood resides at 6902 Stewart Road, Ochlocknee, Georgia, and is the caregiver of a three-year-old grandchild. As of December 5, 2025, they have been without water for 18 consecutive days.

4. Plaintiff Williams joins to seek prospective injunctive relief ensuring constitutionally adequate procedures for water terminations and alleges injury from denial of access to municipal and state processes.

5. Plaintiffs attempted to obtain emergency relief in the Superior Court of Thomas County, but state-court remedies proved unavailable in fact due to lack of duty-judge access, misdirection by court personnel, a recusal with no reassignment, and a parallel unassigned case, demonstrating institutional inertia in the Southern Judicial Circuit concerning pro se litigants.

6. Because Plaintiffs continue to suffer constitutional injury and state remedies are unavailable, federal intervention is necessary.

**Jurisdiction and Venue**

7. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a).

8. Venue is proper under 28 U.S.C. § 1391(b).

**Parties**

9. Plaintiff Frances Hood resides at 6902 Stewart Road and was a customer of the Town's municipal water system.

10. Plaintiff Hood is caregiver to her three-year-old grandchild.

11. Plaintiff Williams is a taxpayer and resident seeking prospective injunctive relief.

12. Defendant Town of Ochlocknee is a Georgia municipal corporation.

13. Defendant Ronelle Searcy is Mayor and is sued in his individual and official capacities.

14. Defendant Ashley Love is Town Clerk and is sued in her individual and official capacities.

15. Defendants Hemby, Tucker, Turner, and Wood are Councilmembers sued in official capacity only.

**Factual Allegations**

16. Plaintiff Hood maintained a valid water account with the Town.

17. In October 2025, the Town disconnected her water without written notice, explanation, or pre-termination hearing.

18. On October 10 and October 13, Plaintiff Williams submitted written correspondence seeking explanation and review.

19. The Town provided no process in response.

20. On November 18, 2025, the Town again disconnected Hood's water without notice or hearing.

21. As of December 5, Hood and her grandchild had been without water for 18 days.

22. On October 13, Williams sent a letter addressed to the Mayor and Clerk explicitly labeled "For Distribution to Council." This letter was sent both by certified mail and by email addressed to the May

23. Clerk Love failed to distribute the letter.

24. At the December 1 Council meeting, Mayor Searcy stated on the record that he did not realize the letter was intended for distribution despite its explicit label.

25. As a result, the Council was not informed and Plaintiffs were denied access to municipal review.

26. The Town issued its first substantive response only after Williams raised the matter publicly at the December 1 meeting.

27. At that meeting, Mayor Searcy unilaterally declared an executive session without motion, second, vote, or lawful purpose, contrary to the Town Charter, Robert's Rules, and the Georgia Open Meetings Act.

28. After the November disconnection, the Town provided inconsistent arrearage figures not reconcilable with prior bills or meter readings.

29. From October 21 through October 24, Plaintiffs attempted to access a duty judge but were unable to do so despite two trips to Valdosta.

30. Court staff misdirected Williams to a domestic-violence nonprofit that screens protective-order filings.

31. Plaintiffs filed a TRO petition in state court on November 24.

32. On November 25, Judge Prine recused and ordered reassignment.

33. As of December 5, no reassignment occurred.

34. Hood's 17-year employment in the court system increases likelihood of serial recusals.

35. A separate expedited GORA case filed September 24 also remained unassigned.

36. State remedies are therefore unavailable in fact.

37. Under the Town Charter, policymaking authority resides with the Council, not the Mayor.

38. Mayor Searcy's actions including intercepting correspondence, influencing disconnections, and unilaterally entering executive session are ultra vires and invert the Charter's authority structure.

39. These practices reflect municipal customs or de facto delegations resulting in the absence of constitutionally adequate procedures.

### Count I – Procedural Due Process (42 U.S.C. § 1983)

40. Plaintiffs incorporate prior paragraphs.

41. Plaintiff Hood has a protected property interest in water service.

42. Defendants deprived her of this interest without notice or hearing.

43. The deprivation resulted from municipal practices and failures.

44. Plaintiff Williams seeks prospective injunctive relief.

45. Plaintiffs suffer ongoing irreparable harm and lack an adequate remedy.

### Prayer for Relief

### Plaintiffs request:

A. A Temporary Restraining Order restoring Hood's water service.
B. A Preliminary and Permanent Injunction requiring notice and pre-termination procedures.
C. A declaration that Defendants violated the Fourteenth Amendment.
D. Costs and attorney's fees under 42 U.S.C. § 1988.
E. Further relief deemed appropriate.


**Respectfully submitted,**

**Frances Hood**
Plaintiff, Pro Se
6902 Stewart Road
Ochlocknee, GA 31773
229-264-6987
southerngrace5402@gmail.com

Signature: *[signature]*
Date: December 5, 2025

**Matthew A. Williams**
Plaintiff, Pro Se
1001 East Railroad Street
Ochlocknee, GA 31773
330-977-0029
matt@vacavia.com

Signature: *[signature]*

**Date: December 5, 2025**

**CERTIFICATE OF SERVICE**

**I certify that on December 5, 2025 I provided notice of Plaintiffs' intent to file a federal action and Motion for Temporary Restraining Order via email to:**

**Ronelle Searcy**, Town Mayor at ronniesearcy@yahoo.com

**Ashley Love**, Town Clerk at ashleylove.31773@outlook.com

**Joel P. Wright**, Town Attorney at wrightj@deflaw.com

**Patricia Faye Hemby**, Member of Council at ashleylove.31773@outlook.com

**Robert Tucker**, Member of Council at ashleylove.31773@outlook.com

**Tammy Turner**, Member of Council at ashleylove.31773@outlook.com

**Randy Wood**, Member of Council at ashleylove.31773@outlook.com

**I further certify that I attempted telephone notice to Town Hall consistent with Rule 65(b)(1)(B).**

Matthew A. Williams
1001 East Railroad Street
Ochlocknee, GA 31773