IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**FRANCES HOOD,**
**Plaintiff,**

and

**MATTHEW A. WILLIAMS,**
**Plaintiff,**

v.

**TOWN OF OCHLOCKNEE, GEORGIA;**
**RONELLE SEARCY,** in his individual and official capacities as Mayor;
**ASHLEY LOVE,** in her individual and official capacities as Town Clerk;
**PATRICIA FAYE HEMBY,** in her official capacity as Councilmember;
**ROBERT TUCKER,** in his official capacity as Councilmember;
**TAMMY TURNER,** in her official capacity as Councilmember;
**RANDY WOOD,** in his official capacity as Councilmember,

**Defendants.**

**Civil Action No.:** _____

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

### Introduction

Plaintiff Hood seeks emergency restoration of water service wrongfully terminated without notice or opportunity to be heard. Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1 (1978), holds that such termination without due process violates the Fourteenth Amendment.

### Standard

### A TRO requires showing:

1. Likelihood of success on the merits;
2. Irreparable harm;
3. Balance of harms in movant's favor;
4. Public interest supports relief.
   Siegel v. LePore, 234 F.3d 1163 (11th Cir. 2000) (en banc).

### Argument

1. **Likelihood of success.**
   Hood received no written notice, no arrearage explanation, and no pre-termination hearing. These omissions violate Memphis Light.

2. **Irreparable harm.**
   Hood and her three-year-old grandchild have lacked water for 18 days, creating severe sanitation, health, and safety risks. Monetary damages cannot remedy these harms.

3. **Balance of harms.**
   Restoring water imposes no burden on Defendants; Hood faces ongoing harm.

4. **Public interest.**
   Due process in essential-services cases is paramount. Public interest favors immediate restoration.

5. **State remedies unavailable.**
   Plaintiffs attempted to access a duty judge; were misdirected; filed a state TRO; encountered recusal; and the case remains unassigned. A separate civil action filed September 24 remains unassigned. Hood's 17-year employment history increases recusal likelihood. Abstention is improper under Gibson v. Berryhill and Steffel v. Thompson.

**Conclusion**

A Temporary Restraining Order should issue restoring water service immediately.


**Respectfully,**

**Matthew A. Williams**
Plaintiff, Pro Se
1001 East Railroad Street
Ochlocknee, GA 31773
330-977-0029
matt@vacavia.com
**Signature:** _____
**Date:** December 5, 2025