IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

FRANCES HOOD and
MATTHEW A. WILLIAMS,

    Plaintiffs,

v.

MAYOR RONELLE SEARCY, *et al.*,

    Defendants.

CASE NO:
7:25-cv-184–WLS

## ORDER

The Court held an evidentiary telephone hearing on the Plaintiffs' Rule 65 Motion for Temporary Restraining Order (Doc. 3) ("TRO Motion") on December 23, 2025. This Order memorializes that hearing. The Court heard from Plaintiffs, who proceed *pro se*, and Counsel for Defendants. The Court swore in Plaintiff Frances Hood. Ms. Hood testified as to evidentiary matters and answered questions from the Court and Counsel for Defendants.

Crucially, Ms. Hood testified both that her water has been shut off since November 18, 2025, she received no-pretermination notice before the water shutoff, and she lives with her three-year-old grandson, who lives with her of whom she has full legal custody.

After hearing from Plaintiffs[1] and Defendants, the Court considered whether abstention in accordance with *Younger v. Harris*, 401 U.S. 37 (1971) was required. The Court held that there are pending state proceedings (Case No. SU-CV-2025-000658), those state proceedings involve important state interests, and likely afford an adequate opportunity to raise the constitutional issues of due process. Therefore, the Court found that *Younger* abstention would normally apply.

However, the Court found that an exception to the *Younger* doctrine applied. If irreparable injury would occur absent Court action, abstention is not required. *Johnson v. Florida*,

---

[1] The Court essentially heard from Plaintiff Hood, whose issues were pertinent to the TRO. Plaintiff Williams was present. Defendants were represented by Counsel.

1

32 F.4th 1092, 1099 (11th Cir. 2022). Ms. Hood has been without water since November 18, 2025. And the pending state proceeding is not until January 8, 2026. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987). Money cannot undo the injury caused by being without water for over a month while caring for a young grandson. Ms. Hood's asserted injury counts as irreparable. Therefore, the Court need not abstain from this action.

The Court considered the Rule 65 standard for granting a Temporary Restraining Order. The Court found a substantial likelihood Plaintiffs will ultimately prevail on the merits, irreparable injury will occur unless the injunction issues, the threatened injury to Ms. Hood outweighs whatever damage the proposed injunction may cause the opposing party, and the injunction, if issued, would not be adverse to the public interest.

For these reasons, the TRO Motion (Doc. 3) is **GRANTED**. The TRO shall remain in place for **fourteen days**, or until **Tuesday, January 6, 2026** at 5:00 PM. Defendants are hereby **ORDERED** to immediately restore water service to Ms. Hood. Counsel for Defendant shall communicate to appropriate persons the nature of the Order and the need for immediate action to comply. All Parties are **ORDERED** to immediately notice the Court with any updates regarding the pending state court action and whether the TRO should be lifted or extended.

**SO ORDERED**, this 23rd day of December 2025.

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

2