IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**FRANCES HOOD**,
**Plaintiff**,

and

**MATTHEW A. WILLIAMS,**
**Plaintiff**,

v.

**TOWN OF OCHLOCKNEE, GEORGIA**;
**RONELLE SEARCY**, in his individual and official capacities as Mayor;
**ASHLEY LOVE**, in her individual and official capacities as Town Clerk;
**PATRICIA FAYE HEMBY**, in her official capacity as Councilmember;
**ROBERT TUCKER**, in his official capacity as Councilmember;
**TAMMY TURNER**, in her official capacity as Councilmember;
**RANDY WOOD**, in his official capacity as Councilmember,

**Defendants**.

**Civil Action No.**: 7:25-cv-00184-WLS

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR TO CONTINUE TEMPORARY RESTRAINING ORDER PENDING PRELIMINARY INJUNCTION HEARING

Plaintiffs Frances Hood and Matthew A. Williams ("Plaintiffs"), proceeding pro se, respectfully move this Court pursuant to Federal Rule of Civil Procedure 65(a) for entry of a Preliminary Injunction. In the alternative, Plaintiffs request that the Court continue the Temporary Restraining Order ("TRO") entered on December 23, 2025, pending a hearing on Plaintiffs' request for a Preliminary Injunction. Both Plaintiffs have reviewed this motion and jointly authorize and consent to its filing.

This motion seeks continuity of protection and orderly judicial management. Plaintiffs do not seek expansion of relief.

I. INTRODUCTION AND PROCEDURAL POSTURE

1. On December 23, 2025, this Court entered a TRO enjoining Defendants from terminating Plaintiff Hood's water service without constitutionally adequate notice and an opportunity to be heard.

2. The TRO reflects the Court's determination that Plaintiffs demonstrated a likelihood of success on the merits, irreparable harm, a favorable balance of equities, and that the public interest supports interim relief.

3. The TRO is set to expire on January 6, 2026. Plaintiffs seek to avoid a protection gap and to permit full briefing and a hearing on a Preliminary Injunction.

II. LEGAL STANDARD

A preliminary injunction may issue where the movant shows (1) a likelihood of success on the merits; (2) irreparable harm absent relief; (3) that the balance of equities favors relief; and (4) that the injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Where a TRO has already issued on these grounds, courts routinely continue interim relief or convert the matter to a preliminary injunction pending a scheduled hearing to preserve the status quo.

III. ARGUMENT

A. Likelihood of Success on the Merits

The Court has already found that Plaintiffs demonstrated a likelihood of success regarding unconstitutional utility termination practices. Nothing has occurred since December 23 to undermine that assessment.

Plaintiffs are aware of at least one other resident who has experienced prolonged water disconnection without notice and continued billing during suspension, demonstrating the risk of recurrence absent court supervision. Plaintiffs offer this information solely to show ongoing risk, not to expand claims at this stage.

B. Irreparable Harm

Loss of access to water constitutes irreparable harm. Monetary damages cannot remedy deprivation of an essential service. Allowing the TRO to lapse would expose Plaintiffs—particularly Ms. Hood—to renewed harm during the pendency of this litigation.

C. Balance of Equities

Maintaining the status quo imposes minimal burden on Defendants, who need only comply with constitutionally adequate notice and hearing requirements. By contrast, lapse of protection risks severe and irreparable harm to Plaintiffs.

D. Public Interest

The public interest favors constitutional compliance by municipal utilities, transparent billing practices, and the avoidance of arbitrary deprivation of essential services. Interim relief promotes public health, safety, and orderly governance.

IV. REQUEST FOR RELIEF AND SCHEDULING

Plaintiffs respectfully request that the Court:

1. Grant a Preliminary Injunction maintaining the protections afforded by the December 23, 2025 TRO; or, in the alternative,

2. Continue the TRO (or enter equivalent interim injunctive relief) to preserve the status quo pending a Preliminary Injunction hearing;

3. Set an expedited briefing schedule and a prompt PI hearing at the Court's convenience; and

4. Grant such other and further relief as the Court deems just and proper.

V. CONCLUSION

Given the Court's prior findings and the imminent expiration of the TRO, continuation of interim relief is warranted to avoid a protection gap and to permit full consideration of a Preliminary Injunction on an orderly schedule.

Respectfully submitted,

/s/ Frances Hood
Frances Hood, Pro Se
6902 Stewart Road
Ochlocknee, GA 31773
southerngrace5402@gmail.com

/s/ Matthew A. Williams
Matthew A. Williams, Pro Se
1001 East Railroad Street
Ochlocknee, GA 31773
matt@vacavia.com
(330) 977-0029