IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| FRANCES HOOD and<br>MATTHEW A. WILLIAMS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MAYOR RONELLE SEARCY, *et al.*,<br><br>　　　　Defendants.<br>_____ | :<br>:<br>:<br>:<br>:<br>:　　CASE NO:<br>:　　7:25-cv-184–WLS<br>:<br>:<br>:<br>:<br>:<br>: |

### ORDER

By Order (Doc. 21) ("TRO") entered December 23, 2025, the Court granted Plaintiffs' Rule 65 Motion for Temporary Restraining Order (Doc. 3) ("TRO Motion"). Therein, Defendants were ordered to immediately restore water service to Plaintiff Frances Hood. The TRO was to remain in place for fourteen days or until January 6, 2026 at 5:10 p.m. The Parties were further ordered to immediately notify the Court with any updates regarding the pending state court action scheduled to take place on January 8, 2026, and whether the TRO should be lifted or extended.

Presently before the Court is Plaintiffs' Motion for Preliminary Injunction or to Continue Temporary Restraining Order Pending Preliminary Injunction Hearing (Doc. 22) ("Motion to Continue TRO") filed January 5, 2026. Therein, Plaintiffs move for entry of a preliminary injunction or, in the alternative, request the Court continue the TRO pending a hearing on Plaintiffs' request for a preliminary injunction. Defendants promptly filed a Notice of Non-Opposition to Time-Limited Interim Relief (Doc. 23) ("Response").

In the TRO entered December 23, 2025, the Court noted that there were proceedings pending in the Superior Court of Thomas County, Georgia (Case No. SU-CV-2025-000658), those state proceedings involve important state interests, and likely afford an adequate opportunity for Plaintiffs to raise their constitutional issues of due process. However, the pending state proceedings were not scheduled to occur until January 8, 2026. Therefore,

although *Younger*[1] abstention would normally apply, the Court found that an exception to the *Younger* doctrine applied because Ms. Hood had been without water since November 18, 2025, and for the reasons stated in the TRO, she would suffer an irreparable injury while waiting for the state court proceeding to occur on January 8, 2026. Thus the TRO was entered to maintain the status quo per the Court's Order, pending the scheduled state court hearing.

In their Response, the Defendants state they do not oppose a limited interim order maintaining water service to Ms. Hood until entry of an order by the Superior Court of Thomas County, Georgia, following the January 8, 2026 hearing, or until 11:59 p.m. on January 9, 2026, whichever occurs first. Defendants reserve any right to terminate Ms. Hood's water service in the future upon lawful notice and process.

Based on Defendants' statements and agreements and the imminent state court proceedings which likely afford an adequate opportunity for Plaintiffs to raise their constitutional issues of due process, the Court extends the TRO (Doc. 21) until entry of an order following the referenced January 8, 2026 state court hearing or until 11:59 p.m. on January 9, 2026, whichever first occurs.

Accordingly, Plaintiffs' Motion for Preliminary Injunction or to Continue Temporary Restraining Order Pending Preliminary Injunction Hearing (Doc. 22) is **GRANTED** by extension of the Court's prior TRO (Doc. 21) for the reasons stated therein and as agreed to by Defendants and as ordered herein.

**SO ORDERED**, this 7th day of January 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).