IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| FRANCES HOOD and : | |
| MATTHEW A. WILLIAMS, : | |
| : | |
| Plaintiffs, : | |
| : | CASE NO: |
| v. : | 7:25-cv-184–WLS |
| : | |
| MAYOR RONELLE SEARCY, *et al.*, : | |
| : | |
| Defendants. : | |

# ORDER

On January 14, 2026, Defendants filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) with Incorporated Memorandum of Law (Doc. 26) ("Motion to Dismiss"). Plaintiffs Frances Hood and Matthew A. Williams are proceeding *pro se* in this action. The Court typically provides notice to *pro se* plaintiffs about how they may respond to a motion to dismiss. Hence, in an effort to ensure and to afford Plaintiffs adequate notice regarding the Motion to Dismiss, the Court issues the instant Order. *See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

When considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In addition to seeking relief under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Motion to Dismiss seeks to dismiss Plaintiff Matthew A Williams as a Plaintiff in this case for lack of standing under Rule 12(b)(1).

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiffs may submit their arguments to this Court by filing individual briefs, not exceeding twenty pages each, in opposition to the Motion to Dismiss. M.D. Ga. L.R. 7.4. Furthermore, the Court's resolution of a motion to dismiss could result in granting judgment against Plaintiff(s) and there would be no trial or further proceedings.

As Plaintiffs are proceeding *pro se*, the Court shall permit them an opportunity to file a Response to the Motion to Dismiss, if they so desire, within **twenty-one (21) days** of this Order or no later than **Thursday, February 5, 2026**. Thereafter, the Court will consider Defendants' Motion to Dismiss and any opposition to the same filed by Plaintiffs and issue its ruling.

Plaintiffs are noticed that if Defendants' Motion to Dismiss is granted, Plaintiffs' Complaint may be dismissed without further notice or proceeding. Plaintiffs are further noticed that upon a timely written motion for a reasonable time to obtain counsel, the Court will consider the same before addressing the Motion to Dismiss. Otherwise, Plaintiffs are entirely responsible for filing a timely response to the Motion to Dismiss as set out herein.

**SO ORDERED**, this 15th day of January 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**