**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **FRANCES HOOD and** | : | |
| **MATTHEW A. WILLIAMS,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CASE NO:** |
| **v.** | : | **7:25-cv-184–WLS** |
| | : | |
| **MAYOR RONELLE SEARCY,** *et al.***,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

Before the Court is Plaintiffs' "Motion to Compel Identification and Production of Operative Municipal Ordinances, Including Publication, Promulgation, Public Availability, and Effective Dates, and for Extension of Time to Respond to Defendants' Rule 12 Motion (Doc. 28) ("Motion to Compel and Extend"). Therein, Plaintiffs request the Court order Defendants to provide:

1. A complete copy of every municipal ordinance, chapter, or provision that Defendants contend is currently in force;

2. For each such ordinance, a sworn identification stating:

    a. the date of adoption;

    b. the vote by which it was adopted;

    c. the manner in which the ordinance was promulgated;

    d. whether, when, and where the ordinance was formally published;

    e. the date on which Defendants contend the ordinance became effective; and

    f. how and when the ordinance was made publicly available for inspection.

(Doc. 28 at 3). The Plaintiffs assert these documents are necessary because in support of dismissal, Defendants assert that their conduct was authorized by municipal ordinances which supplied lawful authority and constitutionally sufficient procedures governing the actions challenged in this case. (*Id.* at 1). Further, Defendants "have not identified which specific

1

ordinances they contend are currently in force, have not produced a comprehensive and authoritative body of municipal law, and have not identified when any such ordinances became legally effective." (*Id.*) Plaintiffs further contend that although Plaintiff Matthew Williams has requested access to the Town of Ochlocknee's ordinances, Defendants have withheld a complete and current set of ordinances and have declined to identify which ordinances they claim are operative. Plaintiffs have apparently filed a separate state-law open-records proceeding which remains pending to obtain the requested documents. (*Id.* at 1–2).

Finally, Plaintiffs request that they be given an extension of fourteen (14) days after production of the requested documents within which to respond to Defendants' Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) with Incorporated Memorandum of Law (Doc. 26) ("Motion to Dismiss"). Plaintiffs' response is currently due February 5, 2026. (*See* Order notifying Plaintiffs of filing of Motion to Dismiss (Doc. 27)).

First, the Court's review of the Motion to Dismiss does not show that Defendants have asserted their actions were authorized by municipal ordinances. Second, as the Court previously advised the Plaintiffs, "[w]hen considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)." (*See* Doc. 27). Further, when considering a motion to dismiss, "the court limits its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Thus, at this point, the municipal ordinances on which Defendants rely for purposes of considering Defendants' pending motion are irrelevant to the issues raised in Defendants' Motion to Dismiss.[1]

Accordingly, Plaintiffs' "Motion to Compel and Extend" (Doc. 28) is **DENIED in PART and GRANTED in PART**, as follows:

The Motion to Compel and Extend is **DENIED, WITHOUT PREJUDICE**, as to Plaintiffs' request to compel Defendants to provide the above-referenced documents.

---

[1] The Court also notes that this action has not reached the discovery stage and the required discovery order is not yet in place for motions to compel purposes.

The Motion to Compel and Extend is **GRANTED in PART** as to Plaintiffs' request for an extension of time within which to file their response to the Motion to Dismiss. Plaintiffs shall file such response on or before **Wednesday, February 18, 2026**.

**SO ORDERED**, this 5th day of February 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**