**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **FRANCES HOOD and** | : | |
| **MATTHEW A. WILLIAMS,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CASE NO:** |
| **v.** | : | **7:25-cv-184–WLS** |
| | : | |
| **MAYOR RONELLE SEARCY, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

On February 18, 2026, Plaintiffs Frances Hood and Matthew A. Williams, proceeding *pro se* in this action, filed a First Amended Complaint. On March 4, 2026, Defendants refiled their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) with Incorporated Memorandum of Law (Doc. 32) ("Motion to Dismiss"). The Court typically provides notice to *pro se* plaintiffs about how they may respond to a motion to dismiss. Hence, in an effort to ensure and to afford Plaintiffs adequate notice regarding the Motion to Dismiss, the Court issues the instant Order. *See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

When considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

1

In addition to seeking relief under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Motion to Dismiss seeks to dismiss Plaintiff Matthew A Williams as a Plaintiff in this case for lack of standing under Rule 12(b)(1).

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiffs may submit their arguments to this Court by filing individual briefs, not exceeding twenty pages each, in opposition to the Motion to Dismiss. M.D. Ga. L.R. 7.4. Furthermore, the Court's resolution of a motion to dismiss could result in granting judgment against Plaintiff(s) and there would be no trial or further proceedings.

As Plaintiffs are proceeding *pro se*, the Court shall permit them an opportunity to file a Response to the Motion to Dismiss, if they so desire, within **twenty-one (21) days** of this Order or no later than **Tuesday, March 31, 2026**. Thereafter, the Court will consider Defendants' Motion to Dismiss and any opposition to the same filed by Plaintiffs and issue its ruling.

Plaintiffs are noticed that if Defendants' Motion to Dismiss is granted, Plaintiffs' Complaint may be dismissed without further notice or proceeding. Plaintiffs are further noticed that upon a timely written motion for a reasonable time to obtain counsel, the Court will consider the same before addressing the Motion to Dismiss. Otherwise, Plaintiffs are entirely responsible for filing a timely response to the Motion to Dismiss as set out herein. Plaintiffs are also noticed that since they only represent themselves individually as *pro se* Plaintiffs, they must file their individual response, not a single response on behalf of both.

**SO ORDERED**, this 10th day of March 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2